[ECF No. 44]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MARYANNE KLEMMER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MGM RESORTS INTERNATIONAL, INC., et al.,**<br><br>**Defendants.** | Case No. 22-7363 (KMW/EAP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of Plaintiff's Motion for Leave to File an Amended Complaint to add Dr. Betty D. Liu as a defendant and to assert claims against her. ECF No. 44 ("Pl.'s Motion").[1] Proposed Defendant Dr. Betty D. Liu opposes the motion. ECF No. 53 ("Prop. Def.'s Opp."). Plaintiff filed a reply brief in support of her motion. ECF No. 54 ("Pl.'s Reply"). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff Maryanne Klemmer filed this employment action against her former employer, MGM Resorts International, Inc. ("MGM"), as well as MGM's contractor, Mitchell International,

---

[1] Plaintiff also seeks to add a claim of Negligent Infliction of Emotional Distress against all current Defendants, as well as Dr. Liu. *See* Pl.'s Motion at 2.

Inc. ("Mitchell"), alleging a host of torts and civil rights violations arising out of her refusal to take a COVID-19 vaccine. *See* ECF No. 1 ("Compl.").

Beginning in 2015, Plaintiff worked as a floor supervisor at the Borgata Casino in Atlantic City. *Id.* ¶ 23. In 2016, MGM acquired the Borgata. *Id.* In March 2020, the Borgata Casino closed due to the COVID-19 pandemic, and Plaintiff was temporarily laid off. *Id.* ¶ 26. In October 2021, MGM began the process of reinstating Plaintiff's employment. *Id.* ¶¶ 29-30. As part of the on-boarding process, MGM requested Plaintiff's COVID-19 vaccine card because in response to the pandemic, MGM had adopted a vaccine mandate. *Id.* ¶¶ 35-36. Plaintiff reported that she did not have a vaccine card because she was allergic to the COVID-19 vaccine. *Id.* ¶ 36. Thereafter, Plaintiff requested an accommodation under the Americans with Disabilities Act ("ADA") that would exempt her from MGM's vaccine mandate. *Id.* ¶¶ 42-43.

At the time, MGM had entered into a contract with Mitchell that required Mitchell to evaluate MGM's employees' requests for accommodation from MGM's COVID-19 vaccination policy. *Id.* ¶¶ 5, 122. According to the proposed Amended Complaint, MGM asked Mitchell to opine as to whether Plaintiff could safely receive any of the COVID-19 vaccines. ECF No. 44-2 ("Prop. Am. Compl.") ¶ 6. Mitchell engaged Dr. Betty D. Liu to evaluate Plaintiff's request for an accommodation. *Id.* ¶¶ 7, 127. Dr. Liu opined that Plaintiff could safely receive one of the available COVID-19 vaccines. *Id.* ¶ 7.

In November 2021, MGM issued a formal letter to Plaintiff denying her request for an accommodation. *See* Compl. ¶ 64. The letter stated that a

> medical doctor that is Board Certified in Allergy and Immunology has indicated that you do not have a medical condition that is contraindicated to receiving the vaccination against COVID-19, and that there are multiple COVID-19 vaccines currently approved in the United States that you could safely receive, including Pfizer, Moderna, or Jansen.

*Id.* Plaintiff did not get the vaccine, and MGM rescinded Plaintiff's job offer. *Id.* ¶¶ 67-68.

## PROCEDURAL HISTORY

On December 16, 2022, Plaintiff filed a Verified Complaint commencing this action. *See* Compl. Plaintiff brought claims under the ADA (Counts One to Five), *id.* ¶¶ 76-102; the Age Discrimination in Employment Act (ADEA) (Count Six), *id.* ¶¶ 106-11; the New Jersey Law Against Discrimination (Count Seven), *id.* ¶¶ 112-14; intentional infliction of emotional distress (Count Eight), *id.* ¶¶ 115-20; and civil conspiracy (Count Nine), *id.* ¶¶ 121-28. MGM filed their Answer to the Complaint on March 30, 2023, and Mitchell filed their Answer on April 4, 2023. *See* ECF Nos. 11, 13.

On January 12, 2024, Plaintiff filed the present motion, seeking leave to amend the Complaint. *See* Pl.'s Motion. Plaintiff seeks to add Dr. Liu as a Defendant. *See* Declaration of Dana Wefer, Esquire ("Wefer Decl.") ¶ 3; *see generally* Prop. Am. Compl. In the proposed Amended Complaint, Plaintiff adds Dr. Liu to Counts Eight and Nine, *see id.* ¶¶ 118-140; a count for negligent advice causing damage (Count Ten) against Dr. Liu and Mitchell, *see id.* ¶¶ 141-149; and a count for negligent infliction of emotional distress (Count Eleven) against all Defendants, *see id.* ¶¶ 150-151. On February 6, 2024, Dr. Liu filed opposition to the Motion. *See* Prop. Def.'s Opp. Plaintiff filed a reply brief on February 13, 2024. *See* Pl.'s Reply. Defendants MGM and Mitchell did not file opposition to the Motion. *See* Dkt. Sheet.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial. "The function of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedure* §

1473 (3d ed. 2019)).  A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).

The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W.R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings.").  Moreover, the Federal Rules instruct that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the Court may generally deny a motion for leave to amend in one of four instances:  (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## **DISCUSSION**

Proposed Defendant Dr. Liu argues that the Court should deny leave to amend on futility grounds.  Prop. Def.'s Opp. at 1. More specifically, she argues that the proposed Amended Complaint fails because (1) this Court lacks personal jurisdiction over her, *id.* at 5-8; and (2) Plaintiff fails to state a claim upon which relief could be granted, *id.* at 8-16.  The Court, however,

4

cannot reach the merits of these arguments because proposed Defendant Dr. Liu lacks standing to make them.

Simply put, proposed defendants lack standing to oppose a motion to amend a complaint. *See Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) ("Proposed defendants do not have standing to oppose a motion to amend because they are not yet named parties." (quotation omitted)); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007) (granting plaintiff's motion to amend over the opposition of the proposed new defendants, who "did not have standing" to oppose the motion); *Vasquez v. Summit Women's Ctr., Inc.*, No. 301-955, 2001 WL 34150397, at *1 n.1 (D. Conn. Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious." (citing 3 James Wm. Moore et al., *Moore's Federal Practice* § 14.21[2] (3d ed. 1999))). "The nonparties, once served with the amended complaint, may challenge the sufficiency of the pleading by way of dispositive motion, but since they have not yet been named as parties they lack standing at this time to contest the filing of the proposed amended complaint." *Raab Fam. P'ship v. Borough of Magnolia*, No. 08-5050, 2009 WL 10689669, at *4 (D.N.J. Oct. 30, 2009). Accordingly, Dr. Liu's arguments must be presented on a future dispositive motion to be filed after Plaintiff files the proposed amended complaint and Dr. Liu is properly served..[2]

---

[2] The Court also notes that had the named Defendants presented identical futility arguments as to Dr. Liu in opposition to Plaintiff's Motion, the outcome would be the same. *See Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379 (D.N.J. 2023) ("[A] current party unaffected by a proposed amendment lacks standing to raise a futility argument on behalf of proposed parties in opposition to a motion for leave to amend or supplement a complaint."); *Raab Fam. P'ship*, 2009 WL 10689669, at *4 ("[A] defendant may not raise a futility argument as to proposed claims against proposed new parties."); *Custom Pak*, 2014 WL 988829, at *2 ("[C]urrent parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." (cleaned up)).

Because the proposed Defendant Dr. Liu lacks standing to oppose Plaintiff's Motion, and the named Defendants have not filed opposition to this Motion, the Court **GRANTS** Plaintiff's Motion for leave to amend the Complaint.

### **CONCLUSION AND ORDER**

For the reasons stated above, and for good cause shown;

**IT IS** on this **7th day of May 2024**,

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, ECF No. 44, is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the Amended Complaint within seven (7) days of this Order.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.