IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANNE KLEMMER,<br><br>Plaintiff,<br><br>vs.<br><br>MGM RESORTS INTERNATIONAL and MITCHELL INTERNATIONAL, INC., AND DR. BETTY D. LIU<br><br>Defendants.. | Civil Action No. 1:22-cv-07363-KMW-EAP<br><br>CIVIL ACTION<br><br>Returnable January 6, 2024 |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA TO VERIZON AND FOR SANCTIONS PURSUANT TO**

Law Offices of Dana Wefer, LLC
Dana Wefer, Esq.
P.O. Box 374
290 Hackensack Street
Wood-Ridge, NJ 07075
973-610-0491
*Attorney for Plaintiff*

i

## TABLE OF CONTENTS

Page
TABLE OF AUTHORITIES..................................................................................iii
STATEMENT OF FACTS .....................................................................................1
LEGAL ARGUMENT…………………………………………………………….1
POINT I: PLAINTIFF WAS NOT PROVIDED NOTICE OF THE SUBPOENA PRIOR TO IT BEING SERVED IN VIOLATION OF FED. R. CIV. P. 45(A)(4) AND THE SUBPOENA SHOULD BE QUASHED……….……………………1

POINT III: SANCTIONS ARE WARRANTED..………….....................................3

CONCLUSION ........................................................................................................4

# TABLE OF AUTHORITIES

CASES

    PAGE

*Coleman-Hill v. Governor Mifflin Sch. Dist.,* 271 F.R.D. 549 (E.D. Pa. 2010) ...................................................................................................................2,3

*In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495 (D.N.J. 2021)..........................3

*Mid-Atl. Constructors Inc. v. Stone & Webster Const., Inc.,* 231 F.R.D. 465 (E.D. Pa. 2005)......................................................................................................3

*Ramos v. Walmart, Inc.*, No. CV 21-13827-BRM-AME, 2023 WL 2327208 (D.N.J. Mar. 2, 2023)...................................................................................2

*Spencer v. Steinman*, 179 F.R.D. 484 (E.D. Pa. 1998).............................................3

*Spencer v. Steinman* No. 2:96-CV-1792 ER, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999) .........................................................................................................3

CONSTITUTIONS, STATUTES & RULES OF COURT

*Fed. R. Civ. P.* 45 ........................................................................................*passim*

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The parties were required submitted a joint letter concerning outstanding discovery disputes on November 15, 2024. The parties submitted that letter. MGM did not raise Ms. Klemmer's phone records in that letter. On November 20th, the parties had a conference with Judge Pascal to go over each discovery dispute. MGM did not raise Ms. Klemmer's phone records in that conference.

On the evening of November 25, 2024, Ms. Klemmer received a notice in the mail from Verizon that the entirety of her phone and voicemail records from October 1, 2024 through January 31, 2022 had been subpoenaed by MGM and that Verizon intended to turn over her records by December 5, 2024 unless presented with a motion to quash or for a protective order. Exhibit A to Klemmer Decl.

On December 3, 2024 Plaintiff's counsel emailed MGM's counsel asking if MGM had served notice of this subpoena. Later that day, Martin Aaron responded that due to an "administrative oversight," MGM did not serve Plaintiff's counsel with the subpoena. Decl. of Dana Wefer at ¶3.

## LEGAL ARGUMENT

**I. MGM'S SERVICE OF THE SUBPOENA WITHOUT PROPER NOTICE MAKES THE SUBPPOENA UNENFORCEABLE AND THE SUBPOENA SHOULD BE QUASHED**

Rule 45 states that "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises

1

before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." *Fed. R. Civ. P.* 45. Prior notice "means notice prior to service of the subpoena on the non-party, rather than prior to document production." *Coleman-Hill v. Governor Mifflin Sch. Dist.,* 271 F.R.D. 549, 552 (E.D. Pa. 2010) (internal citations omitted).

Ms. Klemmer was deprived of sufficient notice and an ability to file objections to this subpoena. She had no notice of it until the evening of November 29, 2024 when she received the letter from Verizon in the mail. Plaintiff objects to the relevance of these records, the incursion into both Ms. Klemmer's and others' privacy, and the general overbreadth of the subpoena. Given more time, Ms. Klemmer would put forth arguments that this fishing expedition into her phone records lacks relevance to any claim or defense and is unreasonably cumulative. *See Ramos v. Walmart, Inc.*, No. CV 21-13827-BRM-AME, 2023 WL 2327208, at *2 (D.N.J. Mar. 2, 2023) (stating that "discovery sought by subpoena must fall within the scope of Rule 26(b)" and that "[t]he principle that the party seeking discovery bears the burden to establish its relevance and proportionality applies with equal force in the context of the a motion to quash a subpoena") (quoting and citing *In re Novo Nordisk Sec. Litig.*, 530 F. Supp. 3d 495, 501 (D.N.J. 2021)). *Ramos v. Walmart* is attached as Exhibit A to the Wefer Decl. Moreover, Plaintiff objects to the fact that MGM never raised this issue as a discovery issue in this case, despite

2

the Court's significant and recent involvement. Due to the time constraints, this subpoena should be quashed and if MGM reissues it with proper notice, the propriety of the discovery request can be properly addressed.

## II. SANCTIONS IN THE FORM OF ATTORNEY'S FEES AND REQUIRED CERTIFICATIONS BY COUNSEL OF NO OTHER SECRET SUBPOENAS ARE WARRANTED

Misuse of the subpoena power to obtain Ms. Klemmer's phone records without notice to her, especially after having just had a discovery conference and not having raised the issue at the conference, warrants an imposition of attorney's fees for the motion to quash. *See Coleman-Hill.,* 271 F.R.D. at 555 (awarding fees when attorney obtained documents by subpoena without providing notice of subpoena to adversary); *see also Mid-Atl. Constructors Inc. v. Stone & Webster Const., Inc.,* 231 F.R.D. 465, 467–68 (E.D. Pa. 2005) (granting motion for sanctions and awarding fees and costs because as counsel had "acted in bad faith by serving a subpoena on a non-party past the discovery deadline and without prior notice to opposing counsel"). It was only because Verizon sent an additional notice that Ms. Klemmer learned of this subpoena.

Plaintiff also asks that each attorney and paralegal working on the case for MGM, whether on Pacer or not, be required to certify that he or she has no knowledge of any other subpoenas ever issued in this litigation other than the one to Ms. Maldonado. *See Spencer v. Steinman*, 179 F.R.D. 484, 486 (E.D. Pa. 1998)

3

(requiring certification concerning improper subpoena) (vacated in part on other grounds) by *Spencer v. Steinman* No. 2:96-CV-1792 ER, 1999 WL 33957391 (E.D. Pa. Feb. 26, 1999) ("reaffirm[ing] the imposition of non-monetary sanctions, i.e., admonishing counsel against issuing future subpoenas duces tecum to non-parties without prior notice to all parties and requiring counsel to submit an affidavit attesting that copies of all documents produced pursuant to the subpoenas had been delivered to opposing counsel"). The February 26, 1999 unpublished decision in *Spencer v. Steinman* is annexed to the Wefer Decl. as Exhibit B.

## CONCLUSION

For the foregoing reasons, MGM's subpoena to Verizon should be quashed.

*Law Offices of Dana Wefer, LLC*

Attorney for Plaintiff

BY:   s/Dana Wefer

DANA WEFER, ESQ.

Dated: December 3, 2024

4