**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MARYANNE KLEMMER,<br><br>*Plaintiff*.<br><br>v.<br><br>MGM RESORTS INTERNATIONAL, *et al.*,<br><br>*Defendants*. | Civil Action<br><br>No. 1:22-cv-07363-KMW-EAP<br><br>**OPINION** |

**THIS MATTER** comes before the Court by way of Plaintiff Maryanne Klemmer's ("Plaintiff") Objections (Dkt. No. 238) to the Discovery Order of the Honorable Elizabeth A. Pascal, U.S.M.J. ("Discovery Order") dated February 9, 2026 (Dkt. No. 237). Defendant MGM Resorts International, Inc. ("Defendant") opposes the motion. (Dkt. No. 239.) The Court decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons that follow, Plaintiff's request to set aside Judge Pascal's Order will be **DENIED**.

## I. BACKGROUND

This discovery dispute arises from the cancellation of the deposition of one of Defendant's retained experts, forensic psychologist Dr. Laurence Westreich, and the resulting disagreement concerning responsibility for the expert's cancellation fee. (*See* Discovery Order, Dkt. No. 237.)

During expert discovery, Plaintiff noticed Dr. Westreich's deposition for July 22, 2025. (*Id.* ¶ 6 (citing Pl.'s Opp. to Def.'s Application for Reimbursement, Dkt. No. 224 at 4).) Before expert depositions commenced, Defendant informed Plaintiff's counsel of the procedures governing payment of expert deposition fees. (*Id.* at 1-2 (citing Def.'s Application for Reimbursement, Dkt. No. 215, Ex. 4).) Defendant agreed to advance payment for Plaintiff's

expert's deposition fee and requested that Plaintiff follow the same procedure with respect to Defendant's experts. (*Id.* ¶ 2 (citing Dkt. No. 215, Ex. 4).) Plaintiff's counsel thereafter confirmed in writing that she would follow those procedures for Dr. Westreich's deposition. (*Id.* ¶ 3 (citing Dkt. No. 215, Ex. 5).)

Dr. Westreich's expert fee schedule, which accompanied his expert report, provided that his deposition fee was $4,250 for a half-day deposition and $8,500 for a full-day deposition. (*Id.* ¶ 4 (citing Dkt. No. 215, Ex. 2).) The fee schedule further stated that "[f]or full-day or half-day, non-refundable payment is required 2 weeks before appearance." (*Id.*) Defendant subsequently prepaid Dr. Westreich's full-day deposition fee to secure his availability for the noticed deposition. (*Id.* ¶ 5 (citing Dkt. No. 215, Ex. 6).)

On July 17, 2025, five days before the scheduled deposition, Plaintiff's counsel notified Defendant that Plaintiff had decided not to proceed with Dr. Westreich's deposition. (*Id.* ¶¶ 8, 17 (citing Dkt. No. 215, Ex. 1).) Defendant thereafter requested reimbursement of the $8,500 deposition fee, asserting that Dr. Westreich had reserved the scheduled deposition date by clearing patient appointments in reliance on Plaintiff's notice of deposition and could not recover the resulting lost time after the late cancellation. (*Id.* ¶ 9 (citing Dkt. No. 215, Ex. 1).) Plaintiff declined to reimburse Defendant, and the parties were unable to resolve the dispute. (*Id.* ¶ 11 (citing Dkt. No. 215, Ex. 1).) Defendant therefore sought relief from Magistrate Judge Elizabeth A. Pascal pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). (*See* Dkt. No. 215.)

Following full briefing, Judge Pascal granted Defendant's application in part and denied it in part. Judge Pascal concluded that requiring Plaintiff to pay nothing after canceling the deposition shortly before it was scheduled would be inconsistent with Rule 26(b)(4)(E) and would result in a manifest injustice. (*Id.* ¶ 15 (citing Fed. R. Civ. P. 26(b)(4)(E)).) Relying on persuasive authority

addressing untimely cancellations of expert depositions, Judge Pascal determined that Plaintiff should bear responsibility for the expert's cancellation fee. (*See id.* ¶¶ 14-15.) At the same time, Judge Pascal declined to award Defendant the full $8,500 requested because Defendant had not demonstrated that Dr. Westreich was required to reserve an entire day for the deposition. (*See id.* ¶ 19.) Instead, Judge Pascal ordered Plaintiff to reimburse Defendant only the $4,250 half-day deposition fee. (*Id.*)

Plaintiff timely filed the present objections pursuant to Federal Rule of Civil Procedure 72(a), arguing that Judge Pascal's Discovery Order is both contrary to law and clearly erroneous. (Dkt. No. 238.) Specifically, Plaintiff contends that Rule 26(b)(4)(E) authorizes compensation only for an expert's "time spent in responding to discovery," not cancellation fees, and further argues that the factual findings underlying the Discovery Order lack adequate evidentiary support. (*Id.* at 4-5.) Defendant opposes the objections and requests that the Court affirm the Discovery Order in its entirety. (*See* Dkt. No. 239.)

## II. LEGAL STANDARD

The Court must modify or set aside any portion of a Magistrate Judge's non-dispositive order that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). An order is "contrary to law" when it misinterprets or misapplies the Federal Rules of Civil Procedure. *Id.*; *see* 28 U.S.C. § 636 (b)(1)(A); *see also Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function"). Similarly, Local Civil Rule 72.1 provides "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days." L.Civ.R. 72.1(c)(1)(A). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (quoting *Cardona v. Gen. Motors*

*Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996)); *see Travelers Indemn. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 758–59 (D.N.J. 2008), *aff'd*, 594 F.3d 238 (3d Cir. 2010).

A Magistrate Judge's ruling on a non-dispositive matter is "entitled to great deference and is reviewable only for abuse of discretion," which "encompasses clearly erroneous findings of fact and misapplications of law." *Frank v. Cnty. of Hudson*, 924 F. Supp. 620, 623 (D.N.J. 1996); *United States v. Walls*, 290 F. App'x 454, 455 (3d Cir. 2008); *see also Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court."). An abuse of discretion is "a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) (citation omitted). It occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

With this in mind, the Court turns to the merits of Plaintiff's Fed. R. Civ. P. 72 (a) Objection.

## III. DISCUSSION

### a. Judge Pascal's Interpretation of Rule 26(b)(4)(E) Was Not Contrary to Law.

Plaintiff argues that Judge Pascal's Discovery Order is contrary to law because Federal Rule of Civil Procedure 26(b)(4)(E) authorizes compensation only for an expert's "time spent in responding to discovery" and therefore does not permit recovery of a cancellation fee when an

expert deposition never occurs. (Dkt. No. 238 at 3-4.) According to Plaintiff, the Rule's reference to "time spent" precludes reimbursement for a non-refundable cancellation fee, regardless of the circumstances surrounding the cancellation. The Court disagrees.

Under Rule 72(a), the question is not whether this Court would have resolved the discovery dispute differently in the first instance. *See Alexander v. Twp. of Guttenberg*, No. 21-15002, 2026 WL 113708, at *6 (D.N.J. Jan. 14, 2026), *recons. denied*, No. 21-15002, 2026 WL 1204020 (D.N.J. May 4, 2026). Rather, the Court must determine whether Judge Pascal's interpretation of Rule 26(b)(4)(E) constituted a misapplication of the Federal Rules of Civil Procedure or otherwise was contrary to governing law. *See* Fed. R. Civ. P. 72(a); *Haines*, 975 F.2d at 91-93. Plaintiff has not made that showing.

Rule 26(b)(4)(E) provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i). The Rule does not expressly address the situation presented here—namely, where a party notices an expert deposition, the expert reserves time for that deposition by canceling professional obligations, and the noticing party cancels the deposition only days before it is scheduled to occur. Nor has Plaintiff identified any binding authority from the Third Circuit or this District holding that Rule 26(b)(4)(E) categorically prohibits reimbursement of an expert's cancellation fee under such circumstances.

Faced with that question, Judge Pascal carefully examined persuasive authority from other federal courts addressing materially similar circumstances. In particular, Judge Pascal relied on decisions recognizing that Rule 26(b)(4)(E)'s purpose of fairly compensating experts for responding to discovery may, in appropriate circumstances, encompass losses resulting from an untimely cancellation after an expert has reserved time for a properly noticed deposition. *See*

*Mallory v. Rush Univ. Med. Ctr.*, No. 18-4364, 2020 WL 6132231, at *2 (N.D. Ill. Oct. 19, 2020); *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, 336 F.R.D. 527, 533-34 (E.D. La. 2020); *Demar v. United States*, 199 F.R.D. 617, 620 (N.D. Ill. 2001). Judge Pascal concluded that allowing Plaintiff to avoid any responsibility for the fee after canceling the deposition shortly before it was scheduled "would violate the spirit of Rule 26(b)(4)[(E)] and work a manifest injustice against Defendant." (Dkt. No. 237 at 6.)

Plaintiff has not demonstrated that Judge Pascal's reliance on this authority was contrary to law. Indeed, the authorities cited in Plaintiff's underlying opposition addressed materially different issues, such as whether an expert may condition his or her appearance on advance payment or refuse to appear absent prepayment. Judge Pascal expressly considered those decisions and reasonably distinguished them, concluding that they did not address the circumstances presented here, where Plaintiff had noticed the deposition, agreed to Defendant's proposed payment procedures, and then unilaterally canceled the deposition only five days before it was scheduled to occur. (*Id.* at 7-9.)

Nor does Plaintiff identify any controlling authority compelling a different result. Instead, Plaintiff advances a competing interpretation of Rule 26(b)(4)(E)'s text and argues that reimbursement should be limited to time an expert actually spends giving deposition testimony. Even assuming Plaintiff's interpretation is plausible, Rule 72(a) does not authorize a district court to set aside a magistrate judge's discovery ruling merely because another reasonable interpretation exists—a ruling is "contrary to law" only when it rests upon a misinterpretation or misapplication of controlling legal principles. *See Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Here, Judge Pascal confronted an issue not expressly resolved by Rule 26(b)(4)(E)'s text or controlling precedent, considered the competing arguments presented by the parties, distinguished Plaintiff's authorities, and adopted a reasoned interpretation supported by persuasive federal authority. Whether another court might have exercised its discretion differently is beside the point. Plaintiff has failed to establish that Judge Pascal misinterpreted Rule 26(b)(4)(E) or otherwise applied an incorrect legal standard.

Accordingly, the Court concludes that the Discovery Order is not contrary to law.

**b. Judge Pascal's Factual Findings Were Not Clearly Erroneous.**

Plaintiff next argues that Judge Pascal's factual findings are clearly erroneous because the record allegedly contains insufficient evidence to establish that Dr. Westreich suffered compensable losses, that Defendant's $8,500 payment was made solely for the deposition at issue, or that the $4,250 awarded represented a reasonable measure of the expert's loss. (Dkt. No. 238 at 4-5.) Plaintiff further contends that Defendant relied principally on unsworn representations of counsel and failed to present affidavits or other evidence demonstrating that Dr. Westreich could not mitigate any losses resulting from the canceled deposition. The Court is unpersuaded.

A factual finding is clearly erroneous only when, after reviewing the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see Haines*, 975 F.2d at 92. This standard is significantly deferential and does not permit a reviewing court to reweigh the evidence or substitute its own factual determinations for those of the magistrate judge. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

Measured against that standard, the record adequately supports Judge Pascal's factual findings. The parties' submissions established that Dr. Westreich's published fee schedule required

non-refundable payment before a scheduled deposition, that Plaintiff noticed his deposition for July 22, 2025, that Plaintiff's counsel expressly agreed to Defendant's proposed procedures governing payment of expert deposition fees, and that Plaintiff canceled the deposition only five days before it was scheduled to occur. The record further reflected Defendant's representation that Dr. Westreich had reserved time for the deposition by clearing patient appointments from his schedule and that Defendant had prepaid the deposition fee to secure his availability. Judge Pascal was entitled to consider those undisputed facts in resolving the parties' discovery dispute.

Plaintiff nevertheless argues that Defendant should have submitted sworn testimony establishing that Dr. Westreich was unable to mitigate his losses or that the amount awarded corresponded to actual damages. (Dkt. No. 238 at 4.) But Rule 72(a) does not require a magistrate judge to conduct an evidentiary hearing or require live testimony before resolving an ordinary discovery dispute. Discovery disputes are routinely decided on written submissions, and Judge Pascal was entitled to evaluate the record presented by the parties.[1]

Nor does Plaintiff's speculation that Dr. Westreich may have been able to refill portions of his schedule establish clear error. Plaintiff offered no evidence before Judge Pascal demonstrating that the expert successfully mitigated any losses or that Defendant's factual representations were inaccurate. Plaintiff merely argues that additional evidence could have been submitted. That argument falls well short of demonstrating that Judge Pascal's factual findings lack evidentiary support or leave this Court with the firm conviction that a mistake has been committed.

Likewise, Plaintiff's contention that Defendant failed to prove the June 11, 2025 payment was made specifically for the noticed deposition does not warrant reversal. (*See* Dkt. No. 238 at

[1] Notably, Defendant represented to Judge Pascal that it would provide declarations from counsel or Dr. Westreich if the Court deemed them necessary, but Judge Pascal concluded that the existing record was sufficient to resolve the dispute. (*See* Dkt. No. 238 at 6 n.1 (citing Dkt. No. 226 at 1 n.1); *see* Dkt. No. 237.)

4-5.) Judge Pascal expressly considered that argument and concluded that the timing or purpose of Defendant's prepayment was immaterial to the dispositive issue before the Court—namely, whether Plaintiff should bear responsibility for the expert fee after noticing and then canceling the deposition on short notice. (*See* Dkt. No. 237 at 8 n.2.) Judge Pascal reasoned that, regardless of when Defendant elected to remit payment, the parties agreed that Dr. Westreich charged $8,500 for a full-day deposition, $4,250 for a half-day deposition, and required payment in advance under his fee schedule. (*Id.*) Accordingly, whether Defendant advanced the payment several weeks before the deposition did not alter Plaintiff's responsibility for the consequences of its untimely cancellation.

Finally, the record demonstrates that Judge Pascal independently evaluated Defendant's request rather than accepting it wholesale. Although Defendant sought reimbursement of the entire $8,500 fee, Judge Pascal declined to award that amount because Defendant had not established that Dr. Westreich was required to reserve a full day for the deposition. Instead, after reviewing the record, Judge Pascal awarded only the $4,250 half-day fee. This reduction reflects precisely the type of reasoned factual assessment committed to a magistrate judge's discretion in managing discovery. Far from demonstrating clear error, it confirms that Judge Pascal carefully weighed the evidence presented and fashioned a remedy supported by the record.

In short, Plaintiff's objections invite the Court to draw different inferences from the evidence and to reassess the weight Judge Pascal afforded the parties' competing factual submissions. Rule 72(a) does not permit such a de novo reexamination. Because Judge Pascal's factual findings are supported by the record and do not leave the Court with a definite and firm conviction that a mistake has been committed, Plaintiff has failed to establish that the Discovery Order is clearly erroneous.

### c. Plaintiff's Remaining Objections Do Not Demonstrate Reversible Error.

Plaintiff's remaining objections likewise fail to establish that Judge Pascal's Discovery Order should be set aside under Rule 72(a).

Plaintiff first argues that she should not be responsible for reimbursing Defendant because Defendant voluntarily prepaid Dr. Westreich's deposition fee without Plaintiff's authorization or knowledge. (Dkt. No. 238 at 2, 4-5.) Judge Pascal expressly considered and rejected that argument, concluding that the timing of Defendant's prepayment had no bearing on the dispositive issue before the Court. As Judge Pascal explained, the relevant facts were undisputed: Dr. Westreich's fee schedule required advance payment, Plaintiff noticed the deposition, Plaintiff understood the expert's payment requirements, and Plaintiff ultimately canceled the deposition only days before it was scheduled to occur. Under those circumstances, whether Defendant elected to remit payment several weeks before the deposition or closer to the scheduled date did not alter Plaintiff's responsibility for the consequences of the late cancellation.

Nor does the record support Plaintiff's contention that she never agreed to Defendant's proposed payment procedures. To the contrary, Judge Pascal relied upon contemporaneous correspondence demonstrating that, after Defendant requested Plaintiff "follow the same procedures" for the parties' expert depositions, Plaintiff's counsel responded that she "will follow that procedure" with respect to Dr. Westreich. (Dkt. No. 237 at 2-3.) Although Plaintiff now disputes the legal significance of that correspondence, Judge Pascal reasonably concluded that the parties had established a mutually understood course of dealing regarding payment of expert deposition fees. That factual determination is amply supported by the record and is not clearly erroneous.

Ultimately, Plaintiff's objections ask this Court to reconsider the same arguments presented to Judge Pascal and to reach a different result on the same factual record. Rule 72(a), however, does not permit a district court to substitute its judgment for that of the magistrate judge merely because it might have exercised its discretion differently. *See Marks*, 347 F. Supp. 2d at 149; *Frank*, 924 F. Supp. at 623. As previously noted, the objecting party bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law. *Marks*, 347 F. Supp. 2d at 149.

Judge Pascal carefully considered the parties' competing submissions, distinguished the authorities cited by Plaintiff, and fashioned a measured remedy that granted Defendant only one-half of the reimbursement sought after concluding that the record did not support recovery of the full-day deposition fee. This was not an arbitrary or mechanical acceptance of Defendant's position but a reasoned exercise of the broad discretion afforded magistrate judges in supervising discovery. *See Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) (recognizing that matters concerning the scope and management of discovery are committed to the sound discretion of the district court). Plaintiff has therefore failed to carry her burden under Rule 72(a).

Accordingly, because Plaintiff has not demonstrated that Judge Pascal's Discovery Order is either contrary to law or clearly erroneous, the Court will overrule Plaintiff's objections and affirm the Discovery Order in its entirety.

**d. <u>Defendant's Request for Attorneys' Fees</u>**

Although the Court rejects Plaintiff's objections, the Court cannot conclude that Plaintiff's counsel acted in bad faith or multiplied the proceedings in the manner required under 28 U.S.C. § 1927.

Accordingly, Defendant's request for attorneys' fees (Dkt. No. 239 at 7-8) will be denied.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Objections (Dkt. No. 238) seeking to set aside Judge Pascal's Discovery Order are **DENIED**. The Court will enter an Order consistent with this Opinion.

Dated: August 14th, 2026

Karen M. Williams

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE